■ MICHAEL ROFRANO, Respondent, v. EDWARD DUFFY, Appellant.— In an action by a tenant to recover damages as a consequence of rental overcharges allegedly exacted by the landlord, the appeal is from so much of an order as denied the landlord's motion for summary judgment dismissing the amended complaint. Order modified by striking therefrom the ordering paragraphs and by substituting therefor the words " Ordered that the defendant's motion for summary judgment dismissing the amended complaint be and the same is hereby granted." As so modified, order insofar as appealed from affirmed, without costs, and without prejudice to the right of respondent to bring such further action as he may be advised. In our opinion, the appellant's motion ·for summary judgment should have been granted, there being no question of fact to be decided (see *Rofrano* v. *Duffy,* 9 A D 2d 957). Nolan, P. J., Ughetta, Hallinan and Kleinfeld, JJ., concur; Murphy, J., deceased.

■ MICHAEL ROFRANO, Respondent, v. EDWARD DUFFY, Appellant.— In an action by a tenant to recover damages as a consequence of rental overcharges allegedly exacted by the landlord, the appeal is from a judgment entered on an order granting the tenant's motion for summary judgment striking out the answer. Judgment reversed, without costs, order vacated and motion denied. The statute under which this action was brought (State Residential Rent Law, § 11, subd. 6; L. 1946, ch. 274, as amd.), insofar as presently relevant, requires that the tenant await the expiration of 30 days from the date on which the order of the State Rent Commission, fixing a rental overcharge and directing the landlord to refund the same, becomes final before bringing suit to recover such sum. In the instant case, the Local Rent Administrator made an order on March 21, 1958 finding that appellant, as landlord, had been receiving an excess rent of $30 a month, but leaving blank the directive con-·tained in the blank space provided therefor on such order that appellant refund to respondent the aggregate excess rents for a period not exceeding two prior years, within 30 days after such order became final. On July 16, 1958 the respondent commenced this action at law to recover damages (cf. *Di Bitetto* v. *Sussman,* 279 App. Div. 1033), the complaint containing no allegation that a directive had issued to the landlord to refund any overcharges. For this reason, on November 21, 1958, the complaint was dismissed for insufficiency with leave to respondent to serve an amended pleading. On December 11, 1958 the Local Rent Administrator issued a new order, dated *nunc pro tunc* as of March 21, 1958, identical in all respects with the prior order but additionally containing approval of the 30-day directive to appellant to refund the overcharges. The Local Rent Administrator so acted on the basis that the prior order was erroneously issued and was incomplete. On December 11, 1958 respondent then served an amended complaint, verified on that date, alleging the issuance of the directive and the expiration of more than 30 days from the date of its issuance. In our opinion, the learned Special Term erroneously granted respondent's motion for summary judgment on the cause of action alleged in the amended

complaint. As of July 16, 1958, when this action was started, respondent's suit was premature. His cause of action did not become cognizable until at least the expiration of 30 days after December 11, 1958 when the Local Rent Administrator for the first time ordered appellant to refund the alleged excess rents. The rights of a suitor in an action at law must be determined as of the date his action is commenced. Nolan, P. J., Ughetta, Hallinan and Kleinfeld, JJ., concur; Murphy, J., deceased.